138

LOUIS RUIZ,

*Plaintiff, Petitioner and Respondent,*

vs.

MIKE MAHER, Sheriff of Sweetwater County, Wyoming,

*Defendant and Appellant.*

(No. 2483; May 1, 1951; 230 Pac. (2d) 509).

For the defendant and appellant the cause was submitted upon the brief and also oral argument of Albert E. Nelson and Kenneth G. Hamm, both of Rock Springs, Wyoming.

For the plaintiff and respondent the cause was submitted upon the brief of W. A. Muir and Walter J. Muir, both of Rock Springs, Wyoming, and oral argument of Mr. W. A. Muir.

140

## OPINION

RINER, Justice.

This case comes to the court in the form of an attempted appeal from part of a judgment rendered by the District Court of Sweetwater County in an action instituted by Louis Ruiz as plaintiff, petitioner, and at present respondent, against Mike Maher as Sheriff of said county as defendant and now appellant for a writ of habeas corpus.

The facts may be briefly outlined as follows:

On July 30, 1947, one Ray V. White filed a complaint before Justice of the Peace, T. F. Cole of Rock Springs, Wyoming, charging Ruiz with having committed the crime of assault and battery on July 26, 1947. On July 31, following, Ruiz was brought before the Justice aforesaid and the complaint was read to him and he entered a plea of "guilty" thereto. The Justice then sentenced him to serve 60 (sixty) days in the county jail but suspended the sentence until Ruiz, as the docket of the Justice states "comes in on a similar charge." On June 25, 1949, one Ray Iwamoto filed a complaint with said Justice Cole charging Ruiz with having committed the crime of assault and battery on June 25, 1949. A warrant was issued on this complaint and on June 27, 1949, Ruiz was again brought before the court of Justice Cole and the complaint was read to him. To this charge Ruiz, as before, entered a plea of "guilty." Thereupon the Justice of the Peace sentenced him to serve the sixty day jail sentence which had been suspended and also additionally to pay a fine of $90.00 or

serve an additional ninety days in jail. The Justice then issued to the defendant, Mike Maher as Sheriff of Sweetwater County, a commitment which reads thus:

"THE STATE OF WYOMING }
COUNTY OF SWEETWATER } ss.

To the Sheriff or Keeper of the Jail of Said County:
WHEREAS, Louis Ruiz, late of the said County, has been arrested on a complaint in writing, signed and sworn to by Ray Iwamoto alleging that said Louis Ruiz, on the 25th day of June, A.D. 1949, at and in said County did assault and battery, and said matter having been heard by me, T. F. Cole, a Justice of the Peace in and for said County, I do find the defendant guilty as above charged, and do sentence him to imprisonment in the jail of said County for a period of 60 days and 90 days or $90.00, and to pay a fine of _____ Dollars, and costs taxed at _____ Dollars, and in default of the payment of said fine and costs, he be confined in the jail of said County for a period of 150 days or 60 days and $90.00, from the date hereof, or until such fine and costs are paid.

THEREFORE, in the name of the State of Wyoming, I command you to receive said Louis Ruiz into your custody, in the jail of the County aforesaid, there to remain until he shall be discharged by due course of the law.

Given under my hand this 27th day of June, A.D. 1949.

/s/ T. F. Cole, Justice of the Peace."

Ruiz paid the $90.00 fine and on June 30, 1949, filed in the district court of Sweetwater County a petition for a writ of habeas corpus insisting that the 60 day jail sentence was illegal and that he was unlawfully imprisoned and restrained of his liberty. The sheriff of said county filed an answer to this petition stating among other things that he was holding Ruiz by virtue

of the commitment aforesaid and that Ruiz had not served the jail term as provided in that commitment. Plaintiff filed a reply to the answer aforesaid.

A hearing on this matter was had on December 14, 1949, and thereafter on January 27, 1950, the district court entered a judgment which reads after sundry recitals of appearance of counsel, evidence taken and argument had, that the court found:

"(1) That petitioner was improperly sentenced as to the sixty days imprisonment in the County Jail ordered on July 31, 1947, and reinvoked by Justice of Peace, T. F. Cole, on June 27, 1949.

"(2) That petitioner was properly 'fined ninety dollars . . . or ninety days in jail . . . on June 27, 1949.'

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

"(1) That the petitioner, Louis Ruiz, pay forthwith the sum of Ninety and no/100 Dollars ($90.00) to the County of Sweetwater, State of Wyoming, in accordance with the fine of Justice of Peace, T. F. Cole, levied on June 27, 1949, together with costs in said court.
"(2) That the sixty days imprisonment in the County Jail ordered on July 31, 1947, and reinvoked on June 27, 1949, be and the same is hereby cancelled and voided.
"(3) That one-half of the costs of this action be paid by plaintiff and that one-half of the costs be charged to the County of Sweetwater, Wyoming.

"(4) That unless plaintiff shall comply with Par. 1 of this order within ten (10) days of the date hereof, then and in that event the sheriff shall forthwith take plaintiff into custody and hold him for ninety (90) days in the County Jail in accordance with the judgment of the Justice Court entered herein on July 31, 1947. (June 27, 1949).

"Each of the parties hereto except to the above findings and judgment, and each is hereby granted an exception."

From the paragraph of this judgment which was adverse to the defendant and numbered (2) the sheriff has prosecuted this appeal.

In our case No. 2462, Geyer v. N. E. Tuck, Sheriff of Laramie County et al, decided at this term (April 10, 1951) we held that an appeal would not lie from a judgment rendered in a habeas corpus proceeding where the petitioner had been discharged after hearing had upon the application for and issuance of the writ. That ruling is decisive of the case at bar and this appeal should be dismissed, for it is apparent that the petitioner has paid the $90.00 fine ordered by the Justice of the Peace and affirmed by the judgment of the district court of Sweetwater County, and the 60 day jail sentence has been declared by that judgment to be illegal and void. It follows therefrom that the petitioner was entitled to his release from the sheriff's custody.

*Appeal Dismissed.*

KIMBALL, C. J., and BLUME, J., concur.